■ 860 WEST TOWER, INC. v NORMAN A. LEVY et al.—Motion granted and the order of this court entered on May 27, 1980 [75 AD2d 780] is amended so as to strike the words "1966-67 through 1973-74" appearing at the end of the first paragraph of said order and to substitute therefor the words "1967-68 through 1972-73." Concur—Murphy, P. J., Kupferman, Fein, Sandler and Carro, JJ.

■ In the Matter of SHELDON ANDERSON, Respondent, v LAWRENCE C. KOLB, as Commissioner of the New York State Department of Mental Hygiene, et al., Appellants.—Order and judgment, Supreme Court, New York County, entered May 7, 1979 and October 1, 1979, respectively, modified, on the law, to the extent of reversal thereof, excepting only that portion which granted the cross motion of respondent commissioner of mental hygiene dismissing only that portion of the petition seeking vacatur of the award of the arbitrator, without costs. In a departmental disciplinary proceeding on charges of neglectful performance of duty, petitioner, an employee of the State Department of Mental Hygiene, sought arbitration, in accordance with contract provisions, by way of appeal from a sanction imposed on him. Petitioner did not present his appeal until the contractually set time for filing had passed, and the arbitrator dismissed his appeal accordingly. Not moving against the arbitrator's award under CPLR article 75 he attacked it under article 78, moving by the same petition against the original notice of discipline. Special Term granted a cross motion to dismiss that portion of the petition seeking to vacate the determinative award, which should have ended the matter. However, then proceeding in excess of jurisdiction, Special Term reviewed the evidence and set aside the disciplinary determination, vacating the disciplinary sanction imposed on petitioner. Strangely enough, this was done by the same decision which held, properly, in granting the cross motion, that "the court is without power to vacate the award were it so disposed." It is observed in passing that, even were a petition under article 78 a correct remedy, it was brought untimely, more than four months after the determination by the department of mental hygiene (CPLR 217). Concur—Kupferman, J. P., Birns, Sandler, Ross and Markewich, JJ.